IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FADEL KHUDIAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:15-cv-00408 |
| v. ) | |
| ) | Judge Nixon |
| CAROLYN W. COLVIN, ) | Magistrate Judge Brown |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is Plaintiff Fadel Khudiar's Motion for Judgment on the Administrative Record ("Motion"). (Doc. No. 19.) In his Motion, Khudiar contended the Administrative Law Judge ("ALJ") did not properly evaluate his Residual Functional Capacity ("RFC"), thus the ALJ's hypothetical questions to the Vocational Expert did not accurately reflect his RFC and the ALJ erred in relying on the Vocational Expert's testimony to determine Khudiar was not disabled. (*See* Doc. No. 20.) On October 8, 2015, Magistrate Judge Brown issued a Report and Recommendation ("Report") recommending that Khudiar's Motion be denied and the decision of the Social Security Administration be affirmed. (Doc. No. 23 at 12.) Magistrate Judge Brown determined the ALJ's RFC assessment was supported by substantial evidence, therefore the ALJ did not err in relying on the Vocational Expert testimony. (*Id.* at 10–12.) Khudiar filed an Objection to the Report on October 18, 2015, contending the ALJ and the Magistrate Judge both erred because neither contacted Dr. Albert Gomez, a consultative examiner who examined Khudiar in 2009, to seek additional evidence or clarification of his findings. (Doc. No. 24 at 2.)

1

Absent compelling reasons, the Magistrate Judge Act "does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see, e.g.*, *Carney v. Colvin*, No. 3:12-cv-00744, 2015 WL 5089783, at *3 (M.D. Tenn. Aug. 17, 2015). Khudiar's Objection was not raised to the Magistrate Judge, and Khudiar does not explain this omission. The Court finds Khudiar's Objection is waived.

Upon review of this matter, the Court finds the Report to be well-founded and **ADOPTS** it in its entirety. Accordingly, the Court hereby **DENIES** Plaintiff's Motion and **AFFIRMS** the decision of the Commissioner. The Clerk of the Court is **DIRECTED** to close the case.

It is so ORDERED.

Entered this the 2nd day of May, 2016.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT